**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-03-2182 |
| § | |
| INTERNATIONAL HOUSE OF § | |
| PANCAKES, INC. AND § | |
| MOHAMMAD AMIN, § | |
| § | |
| Defendant. § | |

**ORDER**

Plaintiff, Nautilus Insurance Company ("Nautilus"), filed this declaratory judgment suit, seeking to establish that it has no duty to defend or indemnify defendants International House of Pancakes ("IHOP"), the national restaurant franchiser, and Mahamad Amin, who allegedly owned one franchised IHOP restaurant and had sold another, in two underlying state court actions. In the state court suits, two women alleged that a manager employed in one of Amin's two franchised IHOP restaurants had sexually harassed and raped them. In a previous Memorandum and Order, this court held that Nautilus has no duty to defend or indemnify IHOP or Amin against the claims raised by underlying plaintiff Karen Whitehead but that Nautilus has a duty to defend IHOP against the claims raised by underlying plaintiff Nina Khalaf. (Docket Entry No. 31). Amin has filed a motion for summary judgment, seeking explicit recognition that this court's decision that Nautilus must provide IHOP a

defense as to Khalaf's claims applies to Amin. (Docket Entry No. 40). Nautilus has replied. (Docket Entry No. 41). Nautilus has also filed a motion for summary judgment challenging any award of attorney's fees to IHOP and Amin under Article 21.55 of the Texas Insurance Code. (Docket Entry No. 42). IHOP cross-moved for summary judgment, seeking such fees. (Docket Entry No. 45). Nautilus replied, (Docket Entry Nos. 49, 50), and IHOP surreplied, (Docket Entry No. 53).

Based on the pleadings; the motions, responses, and replies; the summary judgment record; and the applicable law, this court grants Amin's motions for summary judgment in part, abstains from ruling on the Texas insurance law issue in light of the certification of that question to the Texas Supreme Court, and stays the case pending that court's decision.

**I.     Amin's Motion for Summary Judgment**

The background of this case is discussed at length in this court's prior Memorandum and Opinion, (Docket Entry No. 31). Amin embraces the previous Memorandum and Order, which held that Nautilus is obligated to defend IHOP and Amin from Khalaf's claims.[1] (Docket Entry No. 31). In response, Nautilus concedes that this court has already ruled in Amin's favor and makes no effort to distinguish Amin's claims from IHOP's other than by raising the same arguments already rejected by this court. Based on this court's previous ruling, Amin's motion is granted.

---

[1] Amin did not move for summary judgment before this court's earlier decision.

## II.     The Motions for Summary Judgment as to Article 21.55 of the Texas Insurance Code

Nautilus asserts numerous challenges to the potential application of Article 21.55 of the Texas Insurance Code to the demand for defense of a third-party suit. IHOP asserts that Article 21.55 requires an award of attorney's fees plus 18 percent penalty interest in its favor. This court has previously considered this issue, holding that Article 21.55 of the Texas Insurance Code does apply to cases in which the insured requests defense against a third-party suit. *See Rx. Com, Inc. v. Hartford Fire Ins. Co.*, 364 F. Supp. 2d 609 (S.D. Tex. 2005). The issue is recurring. The Fifth Circuit has certified the question to the Texas Supreme Court. *See Lamar Homes Inc. v. Mid-Continent Casualty Co.*, 428 F.3d 193, 201 (5th Cir. 2005) (certifying the question, "[D]oes Article 21.55 of the Texas Insurance Code apply to a CGL insurer's breach of the duty to defend?").

Because the Fifth Circuit has certified this question to the Texas Supreme Court, this court abstains from ruling until the Texas Supreme Court has provided the answer or expressly declined to do so. Both parties are requested to notify this court within ten days from the date the Texas Supreme Court issues its ruling. This case is stayed until this issue is resolved.

## III.    Conclusion

Amin's motion for summary judgment is granted; Nautilus had a duty to defend Amin in the Khalaf case. The case is stayed pending the Texas Supreme Court's resolution of the

issue whether Article 21.55 of the Texas Insurance Code applies to a breach of the duty to defend.

    SIGNED on January 18, 2006, at Houston, Texas.

                                                                          _____

                                                                               Lee H. Rosenthal
                                                                    United States District Judge