IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-03-2182 |
| | § | |
| INTERNATIONAL HOUSE OF | § | |
| PANCAKES, INC. AND | § | |
| MOHAMMAD AMIN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Nautilus Insurance Company ("Nautilus") filed this declaratory judgment suit seeking to establish that it has no duty to defend or indemnify the International House of Pancakes ("IHOP") and one of its franchise owners in two underlying state-court suits. In each suit, a woman alleged that a manager employed in a franchised IHOP restaurant had sexually harassed and raped her. This court held that Nautilus had no duty to defend or indemnify IHOP or Amin against the claims raised by one underlying plaintiff but did have a duty to defend IHOP and Amin against the claims raised by the other underlying plaintiff. (Docket Entry Nos. 31, 54).

This court abstained from ruling on one set of issues raised by the parties' cross-motions for summary judgment. The Fifth Circuit had certified to the Texas Supreme Court the issue of whether sections 542.051–.061 of the Texas Insurance Code, providing for attorney's fees and penalty interest if an insurer failed to make prompt payment to an insured,

applies when the insured requests a defense against a third-party suit. On August 31, 2007, the Texas Supreme Court answered the certified question. In *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1 (Tex. 2007), the court held that the statute does apply in a third-party suit.

On March 11, 2008, Nautilus filed an unopposed motion to vacate the stay in this case. Nautilus also moved to file a single brief raising the constitutionality of sections 542.051–.061 in light of the Texas Supreme Court's holding in *Lamar Homes*. Nautilus wants to submit a single updated brief combining its present arguments, in place of its numerous scattered prior briefs on the constitutionality issue. (Docket Entry No. 56 at 3–4; Docket Entry No. 58 at 3). Nautilus attached the proposed additional brief to its motion. (Docket Entry No. 56). The defendants did oppose that motion, (Docket Entry No. 57), on the ground that the issue was already briefed. (Docket Entry No. 57 at 3).

Nautilus's unopposed motion to vacate the stay is granted. Its opposed motion to permit additional briefing is also granted. A single brief incorporating recent legal authority and consolidating the arguments on any constitutional issues in light of *Lamar Homes* will be helpful. The defendants' response to Nautilus's supplemental brief is due by **May 30, 2008**.

SIGNED on May 9, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge